# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| DANIELLE PETRUCCI : | |
| : | C.A. No. 1:08-cv-393 |
| : | |
| v. : | |
| SHELDON CUMMINGS and : | |
| J.B. HUNT TRANSPORT, INC. : | JURY TRIAL DEMANDED |

## ANSWER

Defendants, Sheldon Cummings and J.B. Hunt Transport, Inc., by and through their attorneys, Rawle & Henderson LLP, hereby answer plaintiff's Complaint as follows:

1.  Denied. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint, and therefore, said averments are denied.

2.  Admitted in part; denied in part. Defendants admit only that Sheldon Cummings is a resident of the State of Texas. It is admitted only that on May 18, 2006, Sheldon Cummings was employed by J.B. Hunt Transport, Inc., and he operated a vehicle in the furtherance of the business of J.B. Hunt Transport, Inc. The remaining averments contained in paragraph 2 of the Complaint are conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

3.  Denied. This entity was dismissed by Stipulation,

4.  Admitted in part; denied in part. Defendants admit only that J. B. Hunt Transport is a foreign corporation. The remaining averments contained in paragraph 4 of the Complaint are conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

5.  Admitted in part and denied in part. Defendants admit only that on May

18, 2006, plaintiff was operating a vehicle. The remaining allegations are denied, as Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 5 of the Complaint, and therefore, said averments are denied. Strict proof will be demanded at trial.

6. Admitted in part and denied in part. Defendants admit only that on the date and location there was a motor vehicle accident. The remaining averments contained in paragraph 6 of the Complaint are conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. Strict proof will be demanded at trial.

7 .(a)-(e). Denied. The averments contained in paragraph 7 of the Complaint, and its subparts (a)-(e), are conclusions of law to which no response is required. To the extent a response is required, defendants deny any negligence and demand strict proof thereof at trial.

8. Denied. The averments contained in paragraph 8 of the Complaint are conclusions of law to which no response is required, and therefore, said averments are denied. To the extent a response is required, defendants deny any negligence and demand strict proof thereof at trial. By way of further response, defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 8 of the Complaint, and therefore, said averments are denied.

9. Denied. The averments contained in paragraph 9 of the Complaint are conclusions of law to which no response is required, and therefore, said averments are denied. To the extent a response is required, defendants deny any negligence and

demand strict proof thereof at trial. By way of further response, defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 9 of the Complaint, and therefore, said averments are denied.

WHEREFORE, defendants, Sheldon Cummings and J. B. Hunt Transport, Inc., demand judgment in their favor and against the plaintiff, dismissing plaintiff's Complaint with prejudice, together with an award of costs and disbursements incurred by defendants, including attorneys' fees together with such other relief in favor of defendants as this Honorable Court shall deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants did not breach any duty owed to plaintiff.

### THIRD DEFENSE

Defendants aver that plaintiff was guilty of contributory negligence.

### FOURTH DEFENSE

The injuries or damages alleged by plaintiff, if any, were not actually or proximately caused by an act or omission on the part of the defendants.

### FIFTH DEFENSE

Plaintiff's claims are barred or reduced in accordance with the comparative negligence act.

**SIXTH DEFENSE**

Plaintiff's injuries and damages, if any, were caused in whole or in part by the intervening and superseding acts of third parties over whom defendants had no control.

**SEVENTH DEFENSE**

Defendants, at all relevant times, acted with due care and complied with all requirements of applicable law.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

**NINTH DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**TENTH DEFENSE**

Defendants were confronted with a sudden emergency and exercised all reasonable care under the circumstances.

**ELEVENTH DEFENSE**

The injuries and/or damages complained of by plaintiff pre-existed or were sustained subsequent to the accident which is the subject matter of the Complaint.

**TWELFTH SEPARATE DEFENSE**

Answering defendant claims all defenses available to them under the provisions of 21 Del.C. §2118, Delaware's Financial Responsibility Law or other applicable No-Fault statute.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by 49 U.S.C. §30106.

WHEREFORE, defendants, Sheldon Cummings and J. B. Hunt Transport, Inc., demand judgment in their favor and against the plaintiff, dismissing plaintiff's Complaint with prejudice, together with such other relief in favor of defendants as this Honorable Court shall deem appropriate.

                RAWLE & HENDERSON LLP

By: _____
      Delia A. Clark (3337)
      Attorneys for Defendants,
      J.B. Hunt Transport, Inc.
    and Sheldon Cummings
      300 Delaware Avenue, Ste. 1015
      Wilmington, DE 19801
      (302) 778-1200

Dated: July 3, 2008

## **CERTIFICATE OF SERVICE**

I, Delia Clark, certify that a true and correct copy of Defendants' Answer to Plaintiff's Complaint was served electronically and via first class mail on the person listed below:

Philip M. Finestrauss
1404 N. King Street
P.O. Box 1409
Wilmington DE 19899

RAWLE & HENDERSON LLP

_____
Delia A. Clark

Dated: July 3, 2008

Case 1:08-cv-00393-GMS    Document 4    Filed 07/03/2008    Page 7 of 7

2461917-1