IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIELLE PETRUCCI,<br><br>Plaintiff,<br><br>v.<br><br><br>SHELDON CUMMINGS and<br>J.B. HUNT TRANSPORT, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 08-393-GMS |

**MEMORANDUM**

## I. INTRODUCTION

Presently before the court is the court's *sua sponte* inquiry regarding subject matter jurisdiction.[1] On May 18, 2008, plaintiff, Danielle Petrucci ("Petrucci") originally filed this negligence and personal injury action against defendants, Sheldon Cummings ("Cummings"), J.B. Hunt Corp. ("Hunt Corp."), and J.B. Hunt Transport, Inc. ("Hunt Transport") in the Superior Court of the State of Delaware, in and for New Castle County. (*See* D.I. 1, Ex. A.) On June 27, 2008, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants, Cummings and Hunt Transport removed that action to this court. (D.I. 1.) On October 31, 2008, the court held a teleconference with the parties' counsel to discuss, among other things, the issue of federal jurisdiction. (D.I. 7.) For the reasons that follow, the court remands this case to state court.

---

[1] *See Golden ex. rel. Golden v. Golden*, 382 F.3d 348, 354 (3d Cir. 2004); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) ("courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt . . . . A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns.").

## II. LEGAL STANDARD

### A. Removal

In order to remove a civil action from state court to federal court, a district court must have original jurisdiction. 28 U.S.C. § 1441(a). This statute is strictly construed, requiring remand to state court if *any* doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941) (emphasis added). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant[s]." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (citations omitted). Thus, if defendants' case could not have been originally filed in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a)(1), a federal court has jurisdiction over a case in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000. The term "complete diversity of citizenship" means that "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Where a corporation is a named party to the litigation, it is "deemed to be a citizen of any State by which it has been incorporated . . . ." 28 U.S.C. § 1332(c)(1).

Furthermore, in addition to complete diversity of citizenship between the parties, the amount in controversy must also "exceed[] the sum or value of $ 75,000, exclusive of interest and costs." 28 U.S.C. § 1332. "The amount [in controversy] need not be proven; rather, the amount is judged from the face of the complaint and is generally established by a good faith

allegation." *Golden ex rel.*, 382 F.3d at 354-355 (3d Cir. 2004) (internal citations omitted). Where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, "the case must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

**III. DISCUSSION**

After reviewing the record in this case, and considering the parties' contentions and the applicable law, the court concludes that this case should be remanded to state court. A review of the original complaint reveals that this case could not have been originally filed in federal court, and, thus, removal under 28 U.S.C. § 1441 was, indeed, improper. Specifically, the original complaint indicates that there was not complete diversity of citizenship at the time the complaint was filed. That is, in the original complaint, Petrucci alleges that she is a resident of Delaware. (D.I. 1, Ex. A at ¶ 1.) Yet, the original complaint further alleges that one of the defendant corporations, Hunt Corp., is a Delaware corporation. (*Id.* at ¶ 3.) That being so, Defendant Hunt Corp. and Plaintiff Petrucci, therefore, are citizens of the same state. As a result, no complete diversity of citizenship existed at the time the original complaint was filed. Because this case could not have been originally filed in federal court, removal under 28 U.S.C. § 1441 was improper. This case must, therefore, be remanded to state court.

Additionally, the court concludes that this case should be remanded because it appears to a legal certainty that Ms. Petrucci cannot recover the jurisdictional amount of $ 75,000. The court queried counsel as to whether the amount in controversy exceeded the jurisdictional limit, and based on their responses, agreed that this case was not "anything other than a generic auto

case." *Petrucci v. Cummings, et. al*, No. 08-393-GMS, Sched. Conf. Hearing Tr. 2:24-35, 3:1 (D. Del. Oct. 31, 2008). Furthermore, the court is not persuaded by the defendants' blanket assertion that "a fair reading" of the complaint sets forth a claim "in excess of the jurisdictional limit of $75,000." (D.I. 1 at ¶ 8.) This claim is strained at best. It is simply not supported from the face of the complaint. Accordingly, the court, having found that it appears to a legal certainty that Ms. Petrucci cannot recover the jurisdictional amount of $ 75,000, remands this case to state court.

**IV. CONCLUSION**

For the foregoing reasons, the court will remand this case to the Superior Court of the State of Delaware, in and for New Castle County.

Dated: November 10, 2008

/s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIELLE PETRUCCI,<br><br>Plaintiff,<br><br>v.<br><br><br>SHELDON CUMMINGS and<br>J.B. HUNT TRANSPORT, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 08-393-GMS |

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. This case is REMANDED to the Superior Court of the State of Delaware, in and for New Castle County.

Dated: November 10, 2008

/s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE